[64 C.2d 875; 50 Cal.Rptr. 901, 413 P.2d 845]

[S.F. No. 22020.   In Bank.   May 10, 1966.]

JOYCE GROGAN, Plaintiff and Appellant, v. ERICH MEYER, Defendant and Respondent.

Ephraim Margolin, Marshall W. Krause, Arnold M. Greenberg, Richard A. Bancroft and Elliott Leighton for Plaintiff and Appellant.

John F. Duff, Richard G. Logan, Cyril A. Coyle, James S. DeMartini, Thomas Arata, William J. Bush, Peter J. Donnici, James T. McDonald, Richard B. Morris, Jack Greenberg, Robert M. O'Neil, Joseph B. Robison, Sol Rabkin, Duane B. Beeson, Seymour Farber, Robert H. Laws, Jr., Howard Nemerovski and John G. Clancy as Amici Curiae on behalf of Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Gibson, Dunn & Crutcher, William French Smith, Samuel O. Pruitt, Jr., and Charles S. Battles, Jr., as Amici Curiae on behalf of Defendant and Respondent.

PEEK, J.—Plaintiff appeals from a judgment for defendant entered upon the granting of defendant's motion to dismiss plaintiff's complaint in an action for damages pursuant to statutory provisions making it unlawful to discriminate on the basis of color, race or national origin in the rental of dwelling places. (Civ. Code, §§ 51, 52; Health & Saf. Code, §§ 35710, 35720.)

It is alleged in plaintiff's complaint filed in the municipal court that on May 11, 1963, defendant offered for rental a dwelling unit in a four-unit apartment building; that plaintiff sought to rent the apartment on the terms advertised; that

defendant refused the rental solely for the reason that plaintiff is a Negro, and that defendant followed a general policy of denying to all Negroes the right to occupy property owned or managed by him.

Defendant's answer admitted only that he was in the business of renting apartments and denied the other allegations of the complaint.

Prior to the trial of the cause the electorate approved Proposition 14 in the 1964 general election, adding article I, section 26, to the Constitution. The amendment purports to prohibit the state from denying, directly or indirectly, to any person the right to decline to rent his property to whomsoever he chooses. Based on the amendment defendant moved to dismiss the complaint, contending that the statutory provisions could not stand in the face of the constitutional mandate. The motion was granted by a three-judge court, and judgment entered in favor of defendant.

The judgment was affirmed on appeal to the appellate department of the superior court, and certified by that court for transfer to this court for consideration of the constitutionality of article I, section 26, as the sole question involved. (Cal. Rules of Court, rule 63.)

As we have concluded today in *Mulkey* v. *Reitman, ante,* p. 529 [50 Cal.Rptr. 881, 413 P.2d 825], that article I, section 26, infringes upon the equal protection clause of the Fourteenth Amendment of the federal Constitution and for that reason is void in its entirety, the instant motion to dismiss was improperly granted. The judgment, accordingly, is reversed.

Traynor, C. J., Peters, J., Tobriner, J., and Burke, J., concurred.

WHITE, J.*—I dissent.

For the reasons stated in my dissent in *Mulkey* v. *Reitman, ante,* p. 545 [50 Cal.Rptr. 892, 413 P.2d 836], I would affirm the judgment.

McComb, J., concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.